UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| NANCY DALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-10353-LTS |
| | ) | |
| MIRA, INC., and the SCHEPENS EYE RESEARCH INSTITUTE, INC., f/k/a EYE RESEARCH INSTITUTE OF RETINA FOUNDATION, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANT SCHEPENS EYE RESEARCH
INSTITUTE'S MOTION TO DISMISS (DOC. NO. 19)

February 8, 2019

SOROKIN, J.

Nancy Daley has sued Mira, Inc. ("Mira") and the Schepens Eye Research Institute, Inc. ("SERI") for negligence and other claims arising from injuries she alleges resulted from a defective surgical implant. SERI designed and patented the implant, then licensed it to Mira to manufacture and market under the name MIRAgel. In 1986, Daley had surgery in New York to treat retinal detachment in her left eye; her physician implanted MIRAgel during the procedure. Daley alleges she began experiencing problems in 2015, requiring multiple surgeries and culminating in near-total loss of vision in her left eye. All of this, she claims, was caused by the untested long-term effects of MIRAgel.

SERI seeks dismissal, contending Daley has no plausible legal claim against it arising from the events described in her amended complaint.[1] The parties agree that New York tort law governs Daley's claims, but that Massachusetts law governs interpretation of a license agreement between SERI and Mira. Doc. No. 33 at 2; Doc. No. 43 at 1; accord Doc. No. 20-2 at 21.[2]

Daley concedes that her breach of warranty claim (Count IV) is time-barred, Doc. No. 48 at 16, that her punitive damages claim (Count V) is directed only at Mira, Doc. No. 54, and that her claim under Chapter 93A of the Massachusetts General Laws (Count VI) is eliminated by the application of New York substantive law, Doc. No. 33 at 2 n.1. Thus, SERI's motion to dismiss is ALLOWED as to these three claims.

The amended complaint contains three other tort claims: negligent pre-market testing (Count I), strict products liability (Count II), and post-sale failure to warn (Count III). The Court applies the familiar standard in evaluating the sufficiency of the allegations underlying these claims.[3] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (describing plausibility standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6)); Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (explaining complaint "must provide fair notice to the defendants and state a facially plausible legal claim"). SERI's challenge to Daley's tort claims turns on its belief that only Mira, the manufacturer of MIRAgel, owed Daley a duty for purposes

---

[1] Mira has answered the complaint and is now participating with Daley in mediation of her claims against it. Doc. Nos. 50, 55, 56.

[2] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference the document and page numbers assigned by ECF.

[3] SERI invites the Court to disregard allegations in the amended complaint that are stated "upon information and belief." Doc. No. 20 at 5-7. Daley's response, with an affidavit of counsel identifying the sources of information upon which Daley relied, demonstrates that the challenged assertions rest on specific information Daley reasonably believes to be true, and not on impermissible speculation. Doc. No. 34. The Court has considered the exhibits to counsel's affidavit only to confirm that a non-speculative basis exists for Daley's factual assertions, and not to evaluate the sufficiency of her claims.

of tort liability, and that New York law does not extend such liability to SERI.  This view is not necessarily correct.

In various circumstances, New York's highest court has determined that a defendant can owe a duty of care to a third party—even without a contractual or other direct relationship between the defendant and the third party—and, thus, may be liable to the third party for injuries resulting from a breach of that duty.  E.g., Davis v. S. Nassau Cmtys. Hosp., 46 N.E.3d 614 (N.Y. 2015) (concluding hospital and doctors administering medication that could impair patient's ability to drive safely owe duty to third parties to warn patient of danger); Espinal v. Melville Snow Contractors, Inc., 773 N.E.2d 485 (N.Y. 2002) (allowing that liability to third party may arise where defendant's conduct "launched a force or instrument of harm" that caused foreseeable injury); Palka v. Servicemaster Mgmt. Servs. Corp., 634 N.E.2d 189 (N.Y. 1994) (reversing dismissal of negligence claim by nurse against company that contracted with hospital to provide maintenance services, where company's negligence in performing its services placed nurse in unreasonably risky setting and led to her injury).[4]

Here, Daley has pled sufficient facts that, if true, would justify finding that SERI had a duty to patients like Daley arising from its pre-sale testing of MIRAgel.  E.g., Doc. No. 8 ¶¶ 22-25, 30-32, 60-63, 66 (alleging SERI researched, designed, and tested the implant before it was marketed; Mira's staff was not qualified to perform such testing and never performed any testing; and neither defendant conducted adequate testing designed to determine how long the

---

[4] See also Doc. No. 33 at 13-14 (citing lower state court cases finding blood banking industry trade association owed duty of ordinary care to patients receiving blood from a member blood bank collected in keeping with association's standards, and finding laboratory performing drug tests pursuant to contract with local probation office owed duty of care to individual probationer whose sample was tested at probation office's request).

implant would remain safe once placed in the eye).[5] Claim I, therefore, is not subject to dismissal.

Daley's strict liability and failure to warn claims against SERI rely on a theory of concerted action between SERI and Mira.[6] Under New York law, such a theory is viable where the defendants have "an understanding, express or tacit, to participate in a common plan or design to commit a tortious act," Hymowitz v. Eli Lilly & Co., 539 N.E.2d 1069 (N.Y. 1989), so long as "each defendant charged with acting in concert . . . acted tortiously and . . . one of the defendants committed an act in pursuance of the agreement which constitutes a tort," Rastelli v. Goodyear Tire & Rubber Co., 591 N.E.2d 222 (N.Y. 1992). Daley has plainly alleged facts plausibly invoking this theory of liability against SERI.[7] E.g., Doc. No. 8 ¶¶ 52-56 (alleging that SERI played an active role in designing Mira's manufacturing equipment, overseeing the

---

[5] A reasonable inference from the facts alleged by Daley is that SERI was aware of Mira's capabilities and limitations and knew that Mira would not, and did not, perform its own testing of the implant before selling it.

[6] Daley appears to have abandoned the alternate theory of joint venture liability, implicitly acknowledging her inability to allege the elements required to invoke it under New York law. See Doc. No. 48 at 6-16 (limiting argument in support of these claims to theory of concerted action liability only); see also Doc. No. 43 at 5-10 (discussing elements of joint venture liability under both New York and Massachusetts law, and noting Daley cannot satisfy at least one element required in both jurisdictions—the sharing of profits and losses).

[7] Though SERI urges that this doctrine is limited in the context of products liability actions, the cases it cites as support involve materially different circumstances. See Doc. No. 43 at 16-18 (citing Hymowitz and various other products liability actions in which plaintiffs sued one or more manufacturers of products without knowing which manufacturer had produced the specific item that caused the harm). Further, despite urging that the doctrine should be limited to intentional torts, SERI acknowledges decisions by New York courts permitting negligence claims to proceed on a concerted action theory. Id. at 14-15. Indeed, SERI's own footnote lists illustrations of concerted action liability from a comment to the relevant provision of the Restatement (Second) of Torts, one of which appears analogous to Daley's allegations. See id. at 15 n.9 ("A sells to B a gun known by him to be dangerously defective. B negligently fails to examine the gun before selling it to C, who is hurt while attempting to discharge it. A is subject to liability to C."). Finally, to the extent SERI's objection to the application of concerted action liability here depends on its view that it owed no duty to Daley, that objection fails in light of the Court's finding that the amended complaint plausibly alleges facts establishing such a duty.

4

manufacturing process, responding to reports of adverse events, crafting warnings and marketing materials, and identifying surgeons as potential users of the product). Because the amended complaint describes "more than parallel activity" by SERI and Mira, Rastelli, 591 N.E.2d at 222, Claims II and III survive SERI's motion.

Accordingly, the motion to dismiss (Doc. No. 19) is ALLOWED as to Counts IV, V, and VI insofar as they are directed at SERI, and is otherwise DENIED.

The parties have agreed that no pretrial scheduling conference is necessary. Within thirty days of this Order, the parties shall confer and submit a joint scheduling proposal to govern pretrial proceedings in this case, including a discovery plan as required by Fed. R. Civ. P. 26(f), a briefing schedule for dispositive motions, and any other matters to be included in a scheduling order pursuant to Fed. R. Civ. P. 16(b)(3).

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge